UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RICK WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-370 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") [Doc. 18] filed by United States Magistrate Judge C. Clifford Shirley on January 19, 2011. In the R&R, Magistrate Judge Shirley found that the Commissioner's decision is supported by substantial evidence. Accordingly, Magistrate Judge Shirley recommended that plaintiff's motion for summary judgment [Doc. 9] be denied and that defendant's motion for summary judgment [Doc. 16] be granted. Plaintiff filed objections to the R&R [Doc. 19]. The Commissioner neither filed a response to plaintiff's objections nor objected to the R&R himself.

**I.     Standard of Review**

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636

(6th Cir. 1986). The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v. Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the plaintiff bears the burden of proving entitlement to benefits. *Boyes v. Sec. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

Although the Court is required to engage in *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment and previously addressed by the magistrate judge, the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that

term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937.  Further, the United States Court of Appeals for the Sixth Circuit has explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II. Analysis

With one exception, plaintiff's objections to the R&R [Doc. 19] repeat the arguments plaintiff made in his brief in support of his motion for summary judgment [*See* Doc. 10]. Because plaintiff simply recites, almost verbatim, the same arguments considered by Magistrate Judge Shirley, *de novo* review of plaintiff's arguments would make the original referral to the magistrate judge useless and would waste judicial resources. *See Howard*, 932 F.2d at 509.  Accordingly, the Court does not consider plaintiff's arguments to be specific objections to the R&R and the Court will treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

With respect to plaintiff's argument that the ALJ's determination that plaintiff can perform his past relevant work is not supported by substantial evidence, plaintiff asserts that, "[a]lthough the Magistrate Judge has offered the reasons why he feels Plaintiff's past work as a disc jockey was relevant, the ALJ did not offer these reasons" [Doc. 19].  Plaintiff also

3

indicates that courts may not accept appellate counsel's *post hoc* rationalizations for agency action in lieu of proper agency action itself [*See id.*]. *See also Burlington Truck Lines v. U.S.*, 371 U.S. 156, 169 (1962). That however, is not what occurred in this case. Magistrate Judge Shirley did not provide the reasons he personally felt plaintiff's work as a disc jockey was relevant nor did he simply accept any *post hoc* rational for the ALJ's determination. Rather, Magistrate Judge Shirley pointed to facts in the record that supported the ALJ's determination that plaintiff's experience as a disc jockey qualifies as past relevant work. For example, Magistrate Judge Shirley pointed out that "the record indicates that Plaintiff worked sporadically as a disc jockey from at least January 1992 through at least September 2001[,]" "that in this capacity he was a lead worker, supervised ten people, played music, and 'made sure the girls were on stage on time[,]'" and "that Plaintiff earned $5.00 per hour at one job disc jockeying, $6.00 at another, and $50.00 per day at another." Accordingly, plaintiff's objection is overruled.

**III. Conclusion**

Plaintiff's motion for summary judgment [Doc. 9] is **DENIED** and defendant's motion for summary judgment [Doc. 16] is **GRANTED**. The Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 18] and the decision of defendant Commissioner denying

plaintiff's application for supplemental security income benefits will be **AFFIRMED**. This case will be **DISMISSED** and an appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE